UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 5:26-cv-00845-FWS-ACCV                              Date: February 24, 2026
Title: Milad Ishak Gaber Lawendi v. Mark Bowen *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Petitioner:            Attorneys Present for Respondents:

Not Present                                          Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING IN SUBSTANTIAL PART PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER [2]**

Petitioner Milad Ishak Gaber Lawendi brings this Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 against Respondent Mark Bowen, Warden of the Adelanto Detention Facility; Respondent Todd Lyons, Acting Director of United States Immigration and Customs Enforcement ("ICE"); Respondent Kristi Noem, Secretary of the United States Department of Homeland Security ("DHS"); and Respondent Pamela Bondi, Attorney General of the United States (collectively, "Respondents").  (Dkt. 1.)  Before the court is Petitioner's Motion for Temporary Restraining Order.  (Dkt. 2 ("Motion" or "Mot.").)  Respondents filed a response to the Motion.  (Dkt. 8 ("Resp.").)  The court finds this matter appropriate for resolution without oral argument.  *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute").  Based on the record, as applied to the applicable law, the Motion is **GRANTED IN SUBSTANTIAL PART.**

I.      Background

Petitioner alleges the following.  Petitioner is "a native and citizen of Egypt who entered the United States on October 20, 2024, without inspection."  (Pet. ¶ 1.)  Shortly after Petitioner's entry, he was detained by the DHS and later released on his own recognizance.  (*Id.*)  As a condition of Petitioner's release, he was placed on Alternatives to Detention

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 5:26-cv-00845-FWS-ACCV | Date: February 24, 2026 |
| Title: Milad Ishak Gaber Lawendi v. Mark Bowen *et al.* | |

monitoring and required to regularly report to ICE. (*Id.* ¶ 2.) Petitioner was served "with a Notice to Appear [], charging him solely under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") as a noncitizen present in the United States without having been admitted or paroled." (*Id.* ¶ 3.)

"A recent DHS policy . . . considers anyone arrested within the United States and charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) to be an 'applicant for admission' under 8 U.S.C. § 1225(b)(2)(A)." *Mosqueda v. Noem*, 2025 WL 2591530, at *1 (C.D. Cal. Sept. 8, 2025). "Pursuant to section 1225(b)(2)(A) 'applicants for admission' who are 'seeking admission' are subject to mandatory detention." *Id.* "Prior to the new policy, foreign nationals, like [Petitioner], who were charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without being admitted or paroled were considered detained pursuant to 8 U.S.C. § 1226(a), which allows for release on bond or conditional parole." *Id.*

"On October 24, 2025, Petitioner appeared for his regularly scheduled ICE check-in, consistent with his history of compliance. During that routine appointment, ICE unexpectedly re-detained Petitioner without prior notice." (Pet. ¶ 23.) "ICE did not allege that Petitioner violated any condition of release, committed any criminal offense, or engaged in conduct warranting revocation of his recognizance." (*Id.* ¶ 24.) "Petitioner remains detained pursuant to DHS's assertion that he is subject to mandatory detention under 8 U.S.C. § 1225(b)," based on the recent DHS policy, and therefore "has been denied access to a bond hearing under 8 U.S.C. § 1226(a), despite DHS's prior determination that he could safely remain at liberty while his removal proceedings are pending." (*Id.* ¶ 25.)

Petitioner alleges that his ongoing detention violates his due process rights and the INA. (*Id.* ¶¶ 33-47.)

II.   **Legal Standard**

The "opportunities for legitimate *ex parte* applications are extremely limited," *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013), and such applications are "rarely justified." *Mission Power Eng'g Co. v. Continental Casualty Co.*, 883 F. Supp. 488,

___

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 5:26-cv-00845-FWS-ACCV | Date: February 24, 2026 |
| Title: Milad Ishak Gaber Lawendi v. Mark Bowen *et al.* | |

490 (C.D. Cal. 1995). To justify *ex parte* relief, the moving party must establish: (1) that their cause of action will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures; and (2) that they are without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *Id.* at 492-93.

A TRO may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). The analysis for granting a TRO is "substantially identical" to that for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). Either "is an extraordinary remedy that may be awarded only if the plaintiff clearly shows entitlement to such relief." *See Am. Beverage Ass'n v. City & Cnty. of San Francisco*, 916 F.3d 749, 754 (9th Cir. 2019) (en banc) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).

A plaintiff seeking a TRO must demonstrate (1) they are "likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm in the absence of preliminary relief"; (3) that "the balance of equities tips in [their] favor"; and (4) that "an injunction is in the public interest." *Id.* (quoting *Winter*, 555 U.S. at 20). Courts in the Ninth Circuit "also employ an alternative serious questions standard, also known as the sliding scale variant of the *Winter* standard." *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (citation modified). Under that approach, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

A party seeking preliminary injunctive relief must make a "certain threshold showing" on "each [*Winter*] factor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). "The most important among these factors is the likelihood of success on the merits." *Junior Sports Mags. Inc. v. Bonta*, 80 F.4th 1109, 1115 (9th Cir. 2023). "This is especially true for constitutional claims, as the remaining *Winter* factors typically favor enjoining laws thought to be unconstitutional." *Id.*

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-00845-FWS-ACCV                                                  Date: February 24, 2026
Title: Milad Ishak Gaber Lawendi v. Mark Bowen *et al.*

___

**III.    Analysis**

The court finds Petitioner adequately demonstrates that *ex parte* relief is warranted. *See Mission Power*, 883 F. Supp. at 492-93. The court further finds Petitioner adequately demonstrates that he is entitled to a TRO under the *Winter* factors. First, the parties do not dispute that Petitioner was detained pursuant to the wrong statute, nor do the parties dispute that Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) *reconsideration granted in part*, --- F. Supp. 3d ---, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), *and amended and superseded on reconsideration*, --- F. Supp. 3d ---, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025). Petitioner alleges, in summary, that he was wrongfully detained under Section 1225(b) instead of Section 1226(a), which would have allowed him to seek release on bond or conditional parole. (Pet. ¶¶ 34, 36.) Respondents state that "Petitioner appears to be a member of the Bond Eligible Class certified in Maldonado Bautista." (Resp. at 8.) Second, this court has previously ordered a bond hearing be held within 7 days under similar circumstances. *See, e.g.*, *Ana Maria Gaviria Lora v. Warden of GEO Grp., Inc. et al.*, 2026 WL 127608, at *4 (C.D. Cal. Jan. 9, 2026) (Slaughter, J.); *Engonga v. Noem*, 2025 WL 3764077, at *3-4 (C.D. Cal. Dec. 23, 2025) (Slaughter, J.); *Ajqui v. Noem*, 2025 WL 4058281, at *6 (C.D. Cal. Nov. 10, 2025) (Slaughter, J.). For these reasons, the court finds Petitioner adequately demonstrates that he is entitled to a bond hearing within 7 days.

However, the court observes that here, Petitioner seeks an order immediately releasing Petitioner from immigration detention. (Dkt. 2-1 (Proposed Order); *see also* Pet. at 11 (asking the court to order the immediate release of Petitioner form ICE custody).) Petitioner argues, in part, that immediate release is the proper remedy because the "injury at issue is not merely the absence of a bond hearing, but the ongoing deprivation of liberty without statutory or constitutional authority," that "cannot be cured by a belated custody hearing." (Mot. at 8.) This argument is not unpersuasive. However, at this early stage and on this limited record, the court finds Petitioner has not adequately demonstrated that immediate release is appropriate. Rather, consistent with this court's prior orders, the court will order Petitioner's release *if* he is not afforded a timely bond hearing. *See, e.g.*, *Ana Maria Gaviria Lora*, 2026 WL 127608, at *4; *Engonga*, 2025 WL 3764077, at *3-4; *Ajqui*, 2025 WL 4058281, at *6. **Nothing in this order**

___

**CIVIL MINUTES – GENERAL**                                                                                                  4

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 5:26-cv-00845-FWS-ACCV | Date: February 24, 2026 |
| Title: Milad Ishak Gaber Lawendi v. Mark Bowen *et al.* | |

**shall be read to preclude issuance of the relief Petitioner seeks in the Motion at a later stage of the proceedings.**

**IV.     Disposition**

For the foregoing reasons, the Motion is **GRANTED IN SUBSTANTIAL PART**. The court **ORDERS** that Respondents are **ENJOINED** from continuing to detain Petitioner unless Petitioner is provided an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) on or before **March 3, 2026, at 9:00 a.m.** If Petitioner is not provided a bond hearing in accordance with this Order, Respondents are **ORDERED** to release Petitioner from custody on or before **March 3, 2026, at 5:00 p.m.** In addition, the court's previous order that Petitioner shall not be removed or relocated from the Central District of California pending further order of court remains in full force and effect. (Dkt. 6.)

Respondents are further **ORDERED** to show cause in writing on or before **March 9, 2026,** as to why the court should not issue a preliminary injunction in this case. Petitioner may file a response on or before **March 12, 2026**. The court sets a hearing on whether a preliminary injunction should issue on **March 19, 2026, at 10:00 a.m., in Courtroom 10D.**

**IT IS SO ORDERED.**